# United States District Court
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler |
| | : | Crim. No. 99-658 |
| v. | : | O R D E R |
| | : | |
| LOUIS P. CORRADI, III, | : | |
| Defendant. | : | |
| | : | |

On December 7, 2009, the parties in the above-captioned matter appeared before this Court on the petition of the United States Probation Office relating to multiple violations by the defendant, Louis P. Corradi, III, with respect to the conditions of his supervised release. The defendant was previously convicted of violating 18 U.S.C. § 2252A(a)(5)(B), that is, the possession of visual depictions of minors engaged in sexually explicit conduct, before the Honorable John C. Lifland, U.S.D.J., and on May 10, 2001, was sentenced to a term of imprisonment of 30 months to be followed by 3 years of supervised release. Supervision of the defendant commenced on October 13, 2003. While on supervision, it was alleged that the defendant violated the terms and conditions of his supervised release. Specifically, the defendant was charged, in substance and in part, with the following three violations:

1) between 2005 and 2006, the defendant had contact on multiple occasions with minor children without the knowledge or permission of the probation office;

2) between 2005 and 2006, the defendant assisted a friend with his computer system on numerous occasions without the knowledge or permission of the probation office; and

3) the defendant was convicted of another crime, specifically, the defendant was convicted in New Jersey Superior Court, Middlesex County, of endangering the welfare of a child. The first two violations are each Grade C violations and the third is a Grade A violation.

At the hearing on December 7, 2009, the defendant was sworn, and pleaded guilty to all three violations. It was established, through questioning by the Court, that the defendant had voluntarily, intelligently, and knowingly waived his right to proceed to a hearing on the alleged violations and have the government bear the burden of proving the violations against him. The Court also found there was a sufficient factual basis to establish that the defendant was indeed guilty of the violations with which he was charged and to which he pleaded guilty. As such, the Court accepted the defendant's guilty plea to each of the violations and found him guilty of such.

Having found the defendant guilty of violating the terms and conditions of his supervised release as they were imposed at his sentencing on May 10, 2001, the Court revoked the term of supervised release and sentenced the defendant as follows:

1) with respect to Count One, the defendant is sentenced to 7.5 months;

2) with respect to Count Two, the defendant is sentenced to 7.5 months;

3) with respect to Count Three, the defendant is sentenced to 15 months;

4) the sentences for Counts One and Two are to run consecutive to each other, but concurrent with the sentence for Count Three, thereby resulting in a total term of imprisonment of 15 months within the custody of the Bureau of Prisons;

5) following the 15-month term of imprisonment, the defendant shall serve a 21-month term of supervised release, bearing the following terms and conditions:

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state or local crime, shall be prohibited from possessing a firearm or other dangerous device, shall not possess an illegal controlled substance and shall comply with the standard conditions that have been adopted by this Court. The defendant must submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

In addition, the defendant shall comply with the following special conditions:

The defendant shall refrain from the use of alcohol and shall submit to testing to ensure compliance. It is further ordered that the defendant submit to evaluation and treatment as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall not possess, procure, purchase or otherwise obtain access to any form of computer network, bulletin board, Internet, or exchange format involving computers unless specifically approved by the U.S. Probation Office. Any dispute as to the applicability of this condition shall be decided by the Court.

The defendant shall submit to an initial inspection by the probation office, and to any unannounced examinations during supervision, of the defendant's computer equipment. The defendant shall allow the installation on the defendant's computer of any hardware or software systems which monitor computer use. The defendant shall abide by the standard conditions of computer monitoring that have been adopted by this court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation

Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the U.S. Probation Office.

The defendant shall follow the directions of the U.S. Probation Office regarding any contact with children of either sex, under the age of 18. The defendant shall not obtain employment or perform volunteer work which includes, as part of its job/work description, contact with minor children. The defendant shall not maintain, within his residence or within any outside establishment within his control or custody, a collection of films, slides, pictures, tapes, videotapes or other form of pictorial representation whose subject matter involves minor children of either sex and can be deemed to be pornographic. The probation officer shall have the right of reasonable search of the defendant, his residence, or any other establishment within the defendant's custody or control, and shall, if necessary, request the assistance of other law enforcement personnel to enforce the provisions of this special condition.

The defendant shall refrain from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense.

The defendant shall submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the probation officer, to assist in treatment, planning, and case monitoring. The defendant will be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer.

For the reasons detailed on the record on December 7, 2009, and for the reasons expressed above, and for good cause shown,

IT IS on this 14 day of December 2009,

ORDERED that the defendant is guilty of the three violations with which he was charged and to which he pleaded guilty; and it is

ORDERED that the defendant's prior term of supervised release be and hereby is revoked; and it is

ORDERED that the defendant is sentenced to serve a term of imprisonment of 15 months in the custody of the Bureau of Prisons and to thereafter serve a term of supervised release of 21 months in accordance with the terms and conditions detailed above and on the record at the hearing on December 7, 2009.

HONORABLE STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE